**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| GEORGE LEE ODEMNS, | ) ) ) | |
| PLAINTIFF, | ) ) | |
| v. | ) ) | Civil Action No. 14-cv-1790 (KBJ) |
| WAL-MART STORES, INC., *et al.*, | ) ) | |
| DEFENDANTS. | ) ) ) | |

## MEMORANDUM OPINION

On October 1, 2014, pro se plaintiff George Lee Odemns ("Plaintiff") filed the instant complaint against twelve corporate defendants—Wal-Mart Stores, Inc. ("Wal-Mart"), BET, Vivendi, Total, Sienens, Dreamworks, C.C. Media Holdings, Chevron Corp., Air China, Lions Gate Entertainment, Goengergies Holdings, and Baker Hughes (collectively, "Defendants")—in the Civil Division of the Superior Court of the District of Columbia. (Compl., ECF No. 1-3.) The complaint alleges that Defendants illegally planted in Plaintiff a nano-chip that records his "thoughts, dreams, words, concepts and behaviors of my emotions, mental ability and also physical," and that Defendants have used the information that the chip has gathered for their financial benefit. (*Id.*) Plaintiff purports to assert a variety of claims, including "violation of the U.S. Constitution, violation of civil rights, violation of tort, plagiarism, negligence, conspiracy to murder, conspiracy to defraud, . . . [and] identity fraud[,]" and demands $918,800,000,000 in damages. (*Id.*)

On October 24, 2014, Wal-Mart removed Plaintiff's complaint to this Court pursuant to the federal question removal statute, 28 U.S.C. § 1331. (Pet. for Removal,

ECF No. 1, at 2.)  Before this Court at present are eight motions to dismiss that nine of the defendant corporations have filed.  (*See* ECF Nos. 3, 5, 7, 13, 14, 16, 22, and 27.)  Because this Court concludes that the instant matter must be **DISMISSED** *sua sponte* for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), as explained below, these motions are **DENIED AS MOOT**.  A separate order consistent with this opinion shall follow.

## Analysis

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the [plaintiff]." *Id.* (citation omitted).

It is clear beyond cavil that a court may act *sua sponte* and dismiss claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, including claims so "patently insubstantial" that no federal question suitable for decision can be discerned. *Hurt v. U.S. Ct. of Appeals for the D.C. Cir.*, 264 F. App'x. 1, 1 (D.C. Cir. 2008); *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994).  "Patently insubstantial" claims are those that are "essentially fictitious" and "absolutely devoid of merit," including "bizarre conspiracy theories [or] any fantastic government manipulations of their will or mind[.]" *Best*, 39 F.3d at 330-31 (quotation marks omitted); *see also, e.g.*, *Hu v. U.S. Dep't of Def.*, No. 13-5157, 2013 WL 6801189, at *1 (D.C. Cir. Dec. 11, 2013) (district court properly dismissed complaint under Fed. R. Civ. P. 12(b)(1) where "its factual allegations were 'essentially fictitious,' involving a fantastic scenario of a vast

government conspiracy to interfere in appellant's daily life, including through the implantation of a micro tracker in her mouth and use of electromagnetic radiation weapons"), *cert. denied sub nom.*, *Hu v. Dep't of Def.*, 135 S. Ct. 90 (Oct. 6, 2014); *Moore v. Bush*, 535 F. Supp. 2d 46, 48 (D.D.C. 2008) (dismissing case under Fed. R. Civ. P. 12(b)(1) where plaintiff alleged that a conspiracy "led to the implantation of a micro-chip in his head and use of brain wave technology to disrupt his life"); *Bestor v. Lieberman*, 03cv1470, 2005 WL 681460, at *1-2 (D.D.C. March 11, 2005) (dismissing case under Fed. R. Civ. P. 12(b)(1) where plaintiff alleged that two Senators were "involved in the irradiation of his brain and manipulation of his thought processes via devices surreptitiously implanted in his head").

In the instant case, Plaintiff has failed to meet his burden to establish the existence of subject matter jurisdiction, even under the "less stringent standards" to which federal courts hold pro se litigants. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The allegations that Plaintiff makes in his complaint—that defendants have implanted a "multifunctional" nano-chip that acts as "a recorder" and a "transmitter" in order to "record [Plaintiff's] thoughts, dreams, words, concepts, and behaviors[]" (Compl. at 1)—are the types of allegations that courts in this Circuit regularly find patently insubstantial and subject to dismissal under Fed. R. Civ. P. 12(b)(1). *See Hu v. U.S. Dep't of Def.*, 2013 WL 6801189, at *1; *Moore v. Bush*, 535 F. Supp. 2d at 48; *Bestor v. Lieberman*, 2005 WL 681460, at *1-2.[1]

---

[1] What is more, Plaintiff appears to have *conceded* that his complaint should be dismissed—he was directed in three separate court orders to respond to the defendants' motions to dismiss by a certain date or suffer dismissal of the case (*see* Orders of Oct. 31, 2014, Nov. 7, 2014, and Nov. 13, 2014), and he neither opposed defendants' motions within the allotted time nor sought additional time to do so.

**Conclusion**

Because Plaintiff's claims are patently insubstantial, this Court lacks subject matter jurisdiction over Plaintiff's complaint. Accordingly, this case will be dismissed, and the motions to dismiss that defendants Wal-Mart (ECF No. 3), Air China (ECF No. 5), Dreamworks (ECF No. 7), Goengergies Holdings (ECF No. 13), Chevron Corp. (ECF No. 14), Total (ECF No. 16), BET and Vivendi (ECF No. 22), and C.C. Media Holdings (ECF No. 27) have filed are moot.

Date: May 6, 2015

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge